**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

NICHOLAS CORTEZ ADDISON                                                                                      PLAINTIFF
ADC #162451

V.                                                     NO: 3:15CV00134 PSH

JOEY MARTIN                                                                                                          DEFENDANT

## ORDER

### I.  Background

Plaintiff Nicholas Addison filed a *pro se* complaint on May 8, 2015, challenging the conditions of his cell when he was held at the Poinsett County Detention Center, and naming as the only defendant Joey Martin, the detention center's administrator. He sued Martin in both his individual and official capacities. Doc. No. 2. Addison asserts a number of conditions of confinement claims, including that his cell was too hot, the heat in the cell caused the walls and floors to sweat, and caused a bad odor. Addison claims much of the odor came from a drain in the cell. According to Addison:

> Joey Martin is keepin us up here in this hot cell there is no air cerculation in me and
> my brother is burning up. Our vent has nothin but dust and mold in it. It is very hard
> to sleep in a cell when it is stinking and hot and the lights don't go out...

Addison further alleges he was only allowed to leave the cell on Tuesdays, Thursdays, and Sundays, to shower, and also that jail officials would not give him cleaning supplies. Finally, Addison contends someone opened his legal mail, and a smoke alarm was put into his cell but not others.

On June 27, 2016, Martin filed a motion for summary judgment, a brief in support, and a statement of facts on the merits of the case. Doc. Nos. 39-41. Addison did not respond, and Martin

filed a motion to deem his statement of facts admitted. Doc. No. 48. For the reasons set forth below, Martin's motion to deem his statement of facts admitted is granted, and Martin is entitled to summary judgment.

## II. Standard of review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. Analysis

**Conditions of Confinement/Opening of Legal Mail Claims.** Addison's complaint primarily challenges the conditions of his confinement at the Poinsett County Detention Center.

According to the complaint, Addison was a pre-trial detainee at the time he was held in the challenged conditions. As a pre-trial detainee, Addison's claims are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Addison's due process rights were violated if the jail's conditions of confinement constituted punishment. *Id*. However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate-indifference standard as that applied to conditions-of confinement claims made by convicts. *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

To prevail on a conditions of confinement claim, Addison must show: (1) the conditions were serious enough to deprive him of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Addison has not responded to Martin's statement of undisputed material facts. Local Rule 56.1 provides that a party moving for summary judgment pursuant to Fed.R.Civ.P. 56 must also file a statement of material facts it contends are not in dispute. It also requires the non-moving party, if it opposes the motion, to file a separate statement of the material facts it contends are genuinely disputed. Finally, Local Rule 56.1 provides that "[a]ll material facts set forth in the statement filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." See Local Rule 56.1, Rules of the United States District Court for the Eastern

District of Arkansas.

Addison was notified by a July 1, 2016 court order that if he opposed the motion for summary judgment, he must file a statement of disputed facts. The order specifically provides that "[w]hile Addison is not required to file a response to Martin's motion for summary judgment, if he does not respond, the Court can assume that the facts set out in Martin's statement of facts...are true." Doc. No. 42. Because Addison failed to respond to Martin's motion for summary judgment and statement of undisputed facts, Martin's motion to deem those facts admitted is granted. Doc. No. 48. In addition to the statement of undisputed facts Martin filed, his motion for summary judgment also relies on his affidavit, the Housing and Sanitation Policy applicable to the Poinsett County Detention Center, and Health Department Criminal Detention Facilities Review Committee Reports for 2014 and 2015. See Doc. Nos. 40-3, 40-3 Exhibit 2, and 40-3 Exhibit 3. Addison has failed to come forth with proof that would dispute any of the facts set forth in these documents.

The undisputed facts include the following:

- Addison was incarcerated at the Poinsett County Detention Center numerous times between June 15, 2006 and December of 2015. Doc. No. 40-1, page 2.[1]

- Martin was Jail Administrator at the Poinsett County Detention Center between October 2014 and October 2015. Doc. No. 40-3.

- Addison suffered from mental health problems while incarcerated at the Poinsett County Detention Center, and was treated by mental health providers at MidSouth Health Systems and St. Vincent Infirmary Medical Center. He was prescribed and administered medication to treat his

---

[1] Addison's complaint does not specify the dates he was held in the objectionable cell, although a grievance relating to his mail claim was filed in April of 2015. Doc. No. 40-2.

mental health issues, which he sometimes refused to take. *Id.*

- While Addison was incarcerated in the Poinsett County Detention Center, the heating and cooling systems were in good operating condition, and the jail was well ventilated. *Id.*

- The Poinsett County Detention Center's heating and air condition system contains 77 filters which are changed on a regular maintenance schedule. These filters are located at the top of the cells near the ceiling. Doc. No. 41, page 2.

- The Poinsett County Detention Center makes "every effort" to regulate jail temperature at a comfortable level for all detainees. No inmate is deliberately subjected to temperatures that are too hot or cold. *Id.*

- The Poinsett County Detention Center is inspected by the Department of Health and the Criminal Detention Facilities Review Committee annually. The Reports related to the Committee's inspections for 2014 and 2015 indicate that the Center's temperature was maintained at a proper level. Doc. No. 40-3 Exhibit 3, pages 17 and 26.

- The 2014 report notes that "[f]acility is very clean and well maintained. The staff and administration is very professional. Poinsett County citizens should be proud of this facility." Doc. No. 40-3 Exhibit 3, page 18.

- The Committee reports for 2014 and 2015 found no deficiencies with regard to temperature or ventilation in the cells.

- According to Martin's affidavit, during Addison's incarceration at the Poinsett County Detention Center, cleanliness and sanitation were maintained in accordance with the Center's Policy and Procedure Manual, Section 024 - Housing and Sanitation. The floors and walls of the jail were cleaned at least daily and as often as necessary to provide a clean, healthy environment. Doc. No.

40-3 and 40-3 Exhibit 2.

- During Addison's incarceration, detainees were expected to clean and maintain their cells, and detainees were provided with cleaning supplies. If a detainee refused to clean his cell, jail staff or 309 inmates were assigned to clean it. Doc. No. 40-3.

- At times, Addison intentionally caused his cell to be filthy and unsanitary. When this occurred, jail staff and/or 309 inmates cleaned and sanitized Addison's cell. *Id.*

- The Poinsett County Detention Center is a 23/1 jail for safety reasons and due to the number of inmates in relation to the number of guards. All inmates are in their cells 23 hours with 1 hour out daily. The 23 hour lockdown is done for safety reasons, not for punishment. Doc. No. 41.

- Concerning his legal mail, Addison alleges in his complaint that "I also think they opening my legal mail because they did open one of them I did a case about it." Doc. No. 2, page 5. Addison filed a grievance on April 2, 2015 accusing Martin and another individual of opening legal mail. The grievance states, in part, "Joey Martin I feel you and Kim is opening my legal mail .... If so I will see to the justice court press charges for tampering with outgoing and incoming legal mail...." Doc. No. 40-2 Exhibit 2. Martin responded the following day, stating "I can assure you that no legal mail is being opened by any means." *Id.* Addison made no other claims about his legal mail. Doc. No. 41.

We turn now to the specific conditions Addison asserts violated his constitutional rights. Martin has come forward with evidence that the detention center's air conditioning and ventilation systems were functional during the relevant time, and that no inmate was deliberately subjected to temperatures that are too hot or cold. He has provided evidence that the detention facility was

cleaned and sanitized at least daily, and that Addison's cell specifically was cleaned as necessary. Addison has not offered proof to the contrary. There is no constitutional violation as to the cleanliness and the air conditioning/ventilation of Addison's cell.

Additionally, Martin has explained that all detainees at the detention center are locked down 23 hours daily for security purposes, and not for punishment. He further states that all detainees are allowed one hour out of the cell daily. Again, Addison has failed to refute this. But even assuming that Addison was not allowed an hour outside his cell, his complaint does not allege how often this may have happened, and his allegations in this regard, without more, do not describe a constitutional violation. *See Rahman X. v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (holding the denial of yard call for three months was not a constitutional violation); *Philips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (37 days without any exercise is not a constitutional violation).

None of the other conditions Addison complained of in his complaint amount to the deprivation of a minimal civilized measure of life's necessities or constitute a substantial risk of serious harm. Addison briefly complained about the lighting at the detention center keeping him awake, as well as the addition of a smoke alarm in his cell. Addison did not provide any details about the lighting in his complaint. The 2014 and 2015 Committee reports indicate lighting in the facility was in compliance, and Addison did not provide any proof in response to Martin's motion.

Additionally, it is unclear what Addison's complaint is regarding the addition of a smoke alarm in his cell. His complaint states "they put a smoke alarm in our cell and they ain't put none nowhere else." Doc. No. 2, page 6. The Court will assume that Addison was complaining that there were inadequate fire safety measures taken to protect him in the event of a fire. The 2014 Committee report provided by Martin indicates that the detention center had been inspected by the

local fire department in the past year; the detention center had a written fire plan and personnel were familiar with it; the facility had a written plan for all other emergencies and evacuation procedures were detailed; exits were plainly marked; cleaning fluids, toxic and caustic materials were stored properly; and the facility had up-to-date fire fighting equipment and access to a compressed air breathing apparatus. It also indicates that smoke and fire alarms were present. Doc. No. 40-3 exhibit 3, pages 16-17.

The 2015 committee report, however, noted that the facility was out of compliance with respect to the smoke and fire alarms. There had not been an inspection by the local fire department in the past year, and smoke and fire alarms were not present. *Id.*, pages 25-26. The Committee noted that "[f]acility is working to obtain annual fire inspection," and "[a]larm and sprinkler system was not in working order at the time of the inspection." *Id.*, page 20. The Committee further noted that the facility had a new administrator who was working to address these issues. The administrator was identified in the report as Martin. *Id.*

Prison officials are required by the Eighth Amendment to provide adequate fire safety to inmates. *See, e.g., Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)("prisoners have the right not to be subjected to the unreasonable threat of death or injury by fire...."). But "not every deviation from ideally safe conditions constitutes a violation of the constitution." *Santana v. Collazo*, 714 F.2d 1172, 1183 (1st Cir. 1983). While the facility was out of compliance in 2015, Addison has made no allegation that Martin consciously disregarded known problems with the smoke detectors. In fact, the 2015 report indicates that Martin was the new administrator, and was working to address the issues. This is consistent with Addison's complaint, which indicates a smoke detector was placed in his cell. There is no constitutional violation.

Addison also complains that someone opened his legal mail. Martin denies that this happened. Addison's complaint does not identify what legal mail he believes was opened, when, or by whom. It also does not indicate whether the letter in issue was identified as privileged. *See Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir.1981) (privileged prisoner mail is mail to or from inmate's attorney and identified as such). Even assuming some legal mail to Addison was opened, the allegations in his complaint, without more, do not describe a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 430-431 (8th Cir. 1997)(isolated instance of opening confidential mail without evidence of improper motive or interference with inmate's right to counsel or access to the courts does not give rise to constitutional violation). Addison has failed to provide additional proof to support this claim. There is no constitutional violation.

**Official Capacity Claims.** Addison is suing Martin in both his official and individual capacities. Doc. No. 2. A suit against a public official in his official capacity is no more than a suit against the governmental unit of which he is an official. *Kentucky v. Graham*, 473 U.S. 159 (1985). To prevail against a governmental unit, Addison must prove he was harmed by a constitutional violation resulting from a governmental custom or policy. *Stauch v. City of Columbia Heights*, 212 F.3d 425 (8th Cir. 2000). A governmental unit cannot be held liable under Section 1983 simply because it employs a tortfeasor. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1961). If there is no evidence of a formal policy, plaintiff must prove a pattern of unconstitutional conduct sufficient to establish a custom. A single incident is not enough. *Parrish v. Luckie*, 963 F.2d 201 (8th Cir. 1992); *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).

Addison has offered no evidence of a formal policy or a custom of Poinsett County Detention Center resulting in a violation of his constitutional rights. Additionally, as discussed above, no

constitutional violation has even occurred. Thus, Addison's claims against Martin in his official capacity are dismissed as well as claims against him in his individual capacity.

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Martin's motion to deem his statement of facts admitted is GRANTED. Doc. No. 48.

2. Martin's motion for summary judgment, Doc. No. 39, is GRANTED, and Addison's complaint is DISMISSED WITH PREJUDICE.

DATED this 8th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE